<u>**EXHIBIT "1"**</u>

TOGUT, SEGAL & SEGAL LLP
Proposed General Bankruptcy Counsel for Albert Togut,
 Interim Chapter 7 Trustee
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Scott E. Ratner

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re<br><br>ANTHRACITE CAPITAL, INC.,<br><br>Debtor. | Chapter 7 Case<br>No. 10-11319 [AJG] |

**DECLARATION OF SCOTT E. RATNER IN SUPPORT OF APPLICATION FOR ORDER UNDER SECTION 327 OF THE BANKRUPTCY CODE AUTHORIZING TRUSTEE TO RETAIN TOGUT, SEGAL & SEGAL LLP AS HIS GENERAL BANKRUPTCY COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**

Scott E. Ratner, being duly sworn, states the following under penalty of perjury:

1. I am a member of Togut, Segal & Segal LLP (the "Togut Firm") located at One Penn Plaza, New York, New York 10119. I am a member in good standing of the Bar of the State of New York, and am admitted to practice in the Southern District of New York and the Eastern District of New York.

2. I am in all respects competent to make this Declaration in support of the Application[1] of Albert Togut, in his capacity as the Trustee for the above-captioned debtor, to retain the Togut Firm as his general bankruptcy counsel pursuant

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings assigned to such terms in the Application.

to section 327(a) of Bankruptcy Code and Bankruptcy Rules 2014(a) and 6003, effective *nunc pro tunc* to the Petition Date. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

### **Disinterestedness**

3. Based on the conflicts search conducted to date by the Togut Firm and described herein, to the best of my knowledge, neither the Togut Firm, nor any partner, including myself, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors or any other parties in interest, or their respective attorneys and accountants, nor with the U.S. Trustee or any person employed by the U.S. Trustee, except as disclosed herein.

4. As of the date hereof, and while Togut Firm serves as general bankruptcy counsel for the Trustee, it will not represent any creditor of the Debtor in connection with this case.

5. The Togut Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Togut Firm, its partners, counsel and associates, except as disclosed herein:

    (a)    are not creditors, equity security holders or insiders of the Debtor;

    (b)    are not and were not within two years before the date of the filing of the petition, a director, officer or employee of any of the Debtor; and

    (c)    do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

6. I am not related, and to the best of my knowledge, no attorney at the Togut Firm is related, to any United States Bankruptcy Judge in the Southern District of New York or to the United States Trustee or any employee thereof.

7. Pursuant to section 327(c) of the Bankruptcy Code, the Togut Firm is not disqualified from acting as the Trustee's counsel merely because it represents creditors, equity security holders and/or other parties in interest in matters unrelated.

8. The Togut Firm will periodically review its files during the pendency of the Chapter 7 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Togut Firm will use its reasonable efforts to identify any such further developments and will promptly file a supplemental affidavit as required by Bankruptcy Rule 2014(a).

**Professional Compensation**

9. Subject to annual adjustment in January, in accordance with the firm's billing practices, the rates to be charged by the Togut Firm for services to be rendered to the Trustee shall be the same rates charged to other clients. The current standard hourly rates for the Togut Firm are: (i) partners $800 to $935; (ii) associates and counsel $275 to $720; (iii) paralegals and law clerks $185 to $285.

10. The Togut Firm intends to apply for compensation for professional services rendered in connection with these Chapter 7 case, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Rule, further Orders of this Court, and guidelines established by the U. S. Trustee, on an hourly basis, plus reimbursement of actual and necessary expenses and other charges that the Togut Firm incurs. The Togut Firm will

3

charge the Trustee hourly rates consistent with the rates it charges in other matters of this type.

11.     It is the Togut Firm's policy to charge its clients for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recordation fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals" and telecopier charges.  The Togut Firm will charge the Trustee for these expenses in a manner and at rates consistent with those it generally charges its other clients and in accordance with the Local Rules and U.S. Trustee guidelines.  The Togut firm believes that it is fairer to charge these expenses to the particular client on whose behalf they are incurred rather than to increase its hourly rates and spread these expenses among all of its clients.

12.     No promises have been received by the Togut Firm nor by any partner, counsel or associate thereof as to compensation in connection with this Chapter 7 case other than in accordance with the provisions of the Bankruptcy Code. The Togut Firm has no agreement with any other entity to share with such entity any compensation received by the Togut Firm in connection with the Chapter 7 case.

13.     The Togut Firm further states pursuant to Bankruptcy Rule 2016(b) that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of the Togut Firm or (b) any compensation another person or party has received or may receive.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: New York, New York
          March 23, 2010

                                            /s/ Scott E. Ratner
                                            Scott E. Ratner